THE ROCK ISLAND AND ALTON RAILROAD COMPANY, Plaintiff in Error, *v.* THOMAS LYNCH *et al.*, Defendants in Error.

### ERROR TO SCOTT.

Commissioners appointed to assess damages, on the application of a railroad company, are *quasi* jurors, and should be, like them, free from all legal disability.

An assessment of damages for fencing against a railroad company, must be made a matter of record.

THIS was a proceeding on the part of the Rock Island and Alton Railroad Company, to condemn certain lands for its use. One of the commissioners to assess the damages to the land, was proved to be a stockholder in the road, and the award was, on that account, set aside. Afterwards, other commissioners made an assessment of the damages, which was confirmed by the court, WOODSON, Judge, presiding. It is now sought to reverse that decision, on the ground that the damages given to the owner, on account of the expenses of fencing his land, are not specified in the award, and are not made matter of record.

KNAPP & CASE, for Plaintiff in Error.

A. G. BARR, and H. B. McCLURE, for Defendants in Error.

BREESE, J. Two questions are presented by the record in this case. The first is, did the court err in rejecting the report of the first board of commissioners appointed to assess the damages? and, second, is the final order of the court, on the report of the second board, sufficient?

Commissioners appointed to assess damages, on the application of a railroad or other company, are *quasi* jurors, and should be, like them, " *omni exceptione majores.*" The objection urged to Jones, and not known when he was agreed upon by both parties, as one of the commissioners, would be ground of principal challenge to a juror; he having a direct interest in the matter submitted to him, being a stockholder in the road. A challenge of a juror for such cause, cannot be overruled—it must be allowed. A verdict rendered by the jury, an interested person being one of them, would always be set aside. It is no answer to say, the report of the commissioners need not be, like the verdict of a jury, unanimous. The statute authorizing the appointment of commissioners, requires that they shall be " competent and disinterested persons," and this requirement must be observed, though all the commissioners need not concur in the report, a majority being sufficient for that purpose. Reason, justice and

propriety require that the investigation and consideration of the subject shall not be committed to an interested party who acts. If Jones had not acted in the board, there might be propriety in holding the report by the majority sufficient. But the record shows that he participated in the deliberations and in all the acts of the board—had a voice in all their proceedings, and influenced (for such is the presumption) all their proceedings, and signed the final report. By reason of his disqualification, the award of damages was not made by such a board as the statute prescribed, and was properly rejected by the court.

On this being done, another board of commissioners was appointed by the court, before which the plaintiffs in error appeared and contested the questions before it, and aided in preparing a report for that board, all of which acts would amount to an acquiescence in the rejection of the first report, if such acquiescence was necessary.

As to the second and remaining question, we think the final order is materially defective in not stating, in terms, the amount allowed for fencing, as a component part of the damages assessed.

By a just construction of the second section of the act of 1855, in relation to fencing by railroad companies, (Scates' Comp. 954,) we cannot but regard the assessment of damages for fencing, to be done by the owner of the land, and charged against a railroad company as damages, like a covenant running with the land, and the assessment for such purpose should be made a matter of record, so that it may appear in all time, if the assessment is paid by the company, that the land is charged with the fencing, and the company discharged. Such a matter cannot, and ought not to rest in parol, or in fleeting memory. The record should show it, and as the record fails to show it, in this case the rule as entered is no protection to the company, and is fatally defective. For this reason, the judgment below is reversed, and the cause remanded.

*Judgment reversed.*