INTERNATIONAL HARVESTER COMPANY, Plaintiff-Appellee, *v.* WILLIAM M. BOWLING, Director of Labor, *et al.*, Defendants-Appellants.

First District (1st Division)    No. 78-1096

Opinion filed June 11, 1979.

Nathan G. Brenner, Jr., and Bruce Farrel Dorn, both of Goldenson, Kiesler, Berman & Brenner, of Chicago, for appellant William M. Bowling.

Harold A. Katz and Arthur Brody, both of Katz, Friedman, Schur & Eagle, of Chicago, for other appellants.

Gordon W. Winks and Richard Martin Lyon, both of Seyfarth, Shaw, Fairweather and Geraldson, of Chicago, for appellee International Harvester Company.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

International Harvester Company (plaintiff) filed proceedings to review an administrative decision by the Director of Labor of Illinois allowing various consolidated claims for unemployment compensation (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*), involving workers at Rock Island and Canton. The trial court reversed the administrative decision. Defendants appeal.

The defendants here are William M. Bowling, now Director of Labor of Illinois and formerly president of Local Union 1309 of the United Auto Workers of Rock Island; R. L. Ullrich, secretary of Local 1310, and 10

individuals who are officers and executive board members of Local 1357 of Canton, Illinois. Members of Local 1309 and Local 1310 were employed by International Harvester Company in Rock Island at its Farmall Works, and members of Local 1357 were employed by plaintiff in Canton.

In January of 1971 a nationwide strike took place at all plants operated by plaintiff. This included the employees in Rock Island and Canton here involved. A national agreement was reached and a settlement made by January 24, 1971. But, the members of Locals 1309 and 1310 in Rock Island, and 1357 in Canton, were not recalled to work until after January 31, 1971. The involved employees numbered well over 1000 individuals.

These persons made claims with the Department of Labor, Division of Unemployment Insurance under the provisions of the Unemployment Insurance Act. (Ill. Rev. Stat. 1977, ch. 48, pars. 300 to 820.) Plaintiff raised an issue as to whether the applicants were unable to work because of a labor dispute and therefore were not eligible for unemployment benefits. See Ill. Rev. Stat. 1977, ch. 48, par. 434, referred to as section 604 of the Unemployment Insurance Act.

These claims were examined by a "claims adjudicator" in the department. (Ill. Rev. Stat. 1977, ch. 48, par. 451.) A determination was made that all of the claimants were ineligible for benefits. Appeals were taken to the Director of Labor. (Ill. Rev. Stat. 1977, ch. 48, par. 470.) At that time the Director was Mr. Barney Grabiec.

As regards Local 1357 in Canton, the claims adjudicator made his determination on the claims of approximately 87 persons. An appeal was taken to the Director of Labor (hereinafter Director), by Michael E. Hogan, president of Local 1357 of Canton. A list of approximately 80 of the members of the local union in whose behalf the appeal was being taken was submitted with the notice. In addition, 10 individual union members of Local 1357 of Canton also filed appeals from the decision of the claims adjudicator to the Director. Appeals to the Director were similarly taken in behalf of the members of Locals 1309 and 1310 of Rock Island. William M. Bowling, then president of Local 1309, wrote to the Department of Labor on March 9, 1971, and stated that he was making "a blanket appeal for all members of Local 1309" who had "duly registered with the Unemployment Compensation Division" for the dates in question. Appended to his letter was a list of approximately 1000 union members who fell within this classification. R. L. Ullrich, secretary of Local 1310, filed a notice of appeal to the Director in behalf of members of that local union.

Mr. Barney Grabiec, then Director of Labor, appointed two representatives to hear the appeals. The appeals for Locals 1309 and 1310

of Rock Island were heard by Sol E. Feldbein. The appeals pertaining to the employees of Local 1357 of Canton were heard by Abe M. Linderman. The hearings before Mr. Feldbein were completed by the end of 1974. The hearing before Mr. Linderman was completed during 1973.

On May 1, 1977, William M. Bowling became Director of Labor of Illinois. The Director's representatives sent out their reports during June of 1977. Both the representatives agreed that all of the employees of plaintiff were ineligible to receive unemployment compensation for the period from January 13, 1971, to January 23, 1971, but not thereafter from January 24, 1971, to January 30, 1971. These results were contrary to the results reached by the claims adjudicators. Plaintiff objected to the reports on the theory that the appeals from the claim adjudicators to the Director were improperly filed as "blanket appeals" by the labor unions or their representatives or were in some cases tardily filed by individual claimants. This same point was subsequently raised by plaintiff in the administrative review proceedings.

In July of 1977, Director Bowling prepared and published his decisions approving the position taken by the Director's representatives. This allowed all of the employees in question their unemployment compensation from January 24, 1971, to January 30, 1971, inclusive. Plaintiff's appeal in administrative review followed in due course. The trial court reversed these decisions of the Director upon the specific ground that William M. Bowling was disqualified from rendering his decision because of his earlier participation in the proceedings.

In this court, separate briefs have been filed by William M. Bowling as Director of Labor and also by R. L. Ullrich and the 10 individuals from Local 1357 of Canton. These parties contend that plaintiff has failed to perfect its appeal in accordance with the mandatory requirements of the Administrative Review Act as regards necessary parties so that the trial court should have dismissed the appeal. In addition, they contend that the trial court erred in reversing the order appealed from because of an alleged conflict of interest in that William M. Bowling as Director of Labor was also an interested litigant. Plaintiff contends that all parties of record have been properly joined; Mr. Bowling was disqualified from acting as Director and that the original appeals taken from the determination of the claims adjudicators in the administrative agency were invalid.

■■ We will first consider the alleged conflict of interest in the dual capacity of William M. Bowling. It is a fundamental and ancient principle of jurisprudence "that no man is to be judge in his own cause; and that is not to be confined to a cause in which he is a party, but a cause in which he has an interest." *People ex rel. Rusch v. Cunningham* (1941), 308 Ill.

App. 63, 67, 31 N.E.2d 369, citing *Dimes v. Grand Junction Canal Co.* (1852), 10 Eng. Rep. 301.

■■ Mr. Bowling's "interest" in the instant case is clearly disclosed by the record before this court. During the nationwide strike of plaintiff's plants, Mr. Bowling was the president of UAW Local 1309. He was a witness at the hearings concerning the validity of the unemployment claims in question. He made a "blanket appeal" in his own name for all members of Local 1309. Subsequently he allowed those claims and others as Director of Labor. In that capacity he approved a result contrary to the decisions of the claim adjudicators although admittedly in accord with that reached by the representatives designated by Mr. Bowling's predecessor as Director of Labor. It is difficult to imagine a more graphic depiction of "interest" as contemplated by the *Cunningham* court.

The Illinois Supreme Court has firmly established that judicial or quasi-judicial determinations may not be rendered by individuals with a personal interest in the ruling to be made. In *In re Heirich* (1956), 10 Ill. 2d 357, 384, 140 N.E.2d 825, *cert. denied sub nom. Ericksen v. Bristow* (1957), 355 U.S. 805, 2 L. Ed. 2d 49, 78 S. Ct. 22, the court held:

> "It is a classical principle of jurisprudence that no man who has a personal interest in the subject matter of decision in a case may sit in judgment on that case.
>
> The principle is as applicable to administrative agents, commissioners, referees, masters in chancery, or other arbiters of questions of law or fact not holding judicial office as it is to those who are technically judges in the full sense of the word."

■■ Defendants argue that Mr. Bowling was not disqualified from acting because he had no "financial interest" in the allowance of the claims which he affirmed. The fact stated may be literally correct but we find the contention to be without merit. "Interest" within the meaning intended by *Heirich* and *Cunningham* need not be pecuniary. It need only be an interest which can be viewed as having a potentially debilitating effect on the impartiality of the decision maker. See *In re East Maine Township Community Association* (1957), 15 Ill. App. 2d 250, 145 N.E.2d 777.

■■ Defendants also contend Mr. Bowling's actions were allowable under the "rule of necessity." This rule authorizes the decision of an official who has the legal duty to make it despite personal interest in the outcome. (See *People ex rel. Illinois Federation of Teachers v. Lindberg* (1975), 60 Ill. 2d 266, 326 N.E.2d 749, *cert. denied* (1975), 423 U.S. 839, 46 L. Ed. 2d 58, 96 S. Ct. 67.) This argument is based on section 801 of the Unemployment Insurance Act (Ill. Rev. Stat. 1977, ch. 48, par. 471), which provides that "the Director * * * shall affirm, modify, or set aside the claims adjudicator's 'finding' or 'determination,' or both * * *." Defendants contend Mr. Bowling had a mandatory statutory duty to render the

decisions in question and that he alone could make said decisions. We do not find the "rule of necessity" applicable to the instant case.

The Supreme Court of Illinois has held that where there is "anyone else who can act" in the interested official's place, the rule of necessity is not applicable. See *Smith v. Department of Registration & Education* (1952), 412 Ill. 332, 342, 106 N.E.2d 722.

The legislature of Illinois has provided a viable remedy for the apparent dilemma here suggested (Ill. Rev. Stat. 1977, ch. 127, par. 12):

> "During the absence or inability to act, of the director of any department * * * the Governor may designate some person as acting director * * * to execute the powers and discharge the duties vested by law in such director * * *."

In our opinion, it is entirely unacceptable and impermissible to rule that the decision reached by the Director should be set aside without providing some machinery for a final decision by an impartial judicial officer. To do otherwise would bring this matter to the incredible conclusion that the rights of all of the people involved in the record before us can never be adjudicated. This result would indeed be a classic example of a wrong without a remedy.

■■ We have concluded that both of the pertinent statutes (Ill. Rev. Stat. 1977, ch. 48, par. 471, and ch. 127, par. 12) should be construed together. On this basis, we find that the disqualification of William M. Bowling from acting as Director of Labor in this situation is an "inability to act" in accordance with the statute. We cannot reach the conclusion that this phrase in the statute is limited to physical inability of the Director to act. In our opinion, construing the statute in that manner would result in "an absurdity or injustice" contrary to one of the accepted canons of statutory constructions. *Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 128, 302 N.E.2d 64.

The purpose of this construction of the statute is to remove the issue of disqualification of the Director and to make sure that the involved litigants have a fair and impartial hearing. In that regard, the statute before us is analogous to the purpose of the Venue Act which the courts have held should be "liberally construed." *Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 251, 311 N.E.2d 673; *Anderson v. City of Wheaton* (1975), 25 Ill. App. 3d 100, 103, 323 N.E.2d 129.

Aside from the merits of this litigation concerning the right of the workers to unemployment compensation, there are two remaining issues which we cannot decide at this time. First, the issue as to the propriety and legality of the appeals taken from the claims adjudicators to the Director, as above indicated. This matter should, in our opinion, be decided first at the administrative level by the person who may be

designated by the Governor of Illinois to discharge the duties of the Director of Labor in this situation. Second, we cannot determine the issue raised by defendants regarding the propriety and legality of the adminstrative review proceedings as regards the joining of necessary parties. Until it is properly determined who the proper parties to the administrative proceedings actually are, it would be manifestly impossible for us to decide whether all necessary parties have been joined in the administrative review case.

Consequently the order appealed from regarding the disqualification of the Director is affirmed. The cause is remanded to the Department of Labor (see *Kreiser v. Police Board of the City of Chicago* (1977), 69 Ill. 2d 27, 31, 370 N.E.2d 511), with directions that the present Director of Labor shall forthwith request the Governor of Illinois to proceed under the applicable statute to appoint some impartial and qualified person promptly to exercise the functions of the Director of Labor in review of all of the issues herein relating to payment of unemployment compensation claims as decided in the reports of the Director's representatives, and also the issue of the legality of the administrative appeals from the claims adjudicators to the Director of Labor.

Order appealed from affirmed and cause remanded to the Department of Labor.

McGLOON and O'CONNOR, JJ., concur.