THE BOARD OF EDUCATION OF NILES TOWNSHIP HIGH SCHOOL DISTRICT NO. 219, COOK COUNTY, Plaintiff-Appellant, *v.* THE REGIONAL BOARD OF SCHOOL TRUSTEES OF COOK COUNTY *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—2702

Opinion filed August 1, 1984.—Rehearing denied September 24, 1984.

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago (R. Theodore Clark, Jr., and Fay Hartog-Rapp, of counsel), for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (Russell M. Pelton, Craig A. Varga, and Paulette J. Morgan, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

Certain residents of Niles Township High School District No. 219 filed a petition with the Cook County Regional Board of School Trustees to detach the village of Golf and the Golf Acres subdivision of the village of Glenview from Niles Township High School District No. 219 and to attach the property to Northfield Township High School District No. 225. The object of the petitioners was to permit children of the proposed detachment area to attend Glenbrook South High School in Glenview, rather than Niles North High School in Skokie. The petition was signed by more than two-thirds of the registered voters in the detachment area. After hearings, the regional board entered an order which contained detailed findings of fact and conclusions of law and which granted the petition. On administrative review, the circuit court of Cook County affirmed the regional board's decision granting the petition. District 219 now appeals from the order of the circuit court which affirmed the decision of the regional board.

The issues presented for review are: (1) whether the decision of the regional board was against the manifest weight of the evidence, and (2) whether the participation of Rosalie Stein as a board member in the decision of the regional board invalidated the regional board's decision. Since we hold that the participation of Rosalie Stein did invalidate the regional board's decision, we do not address the manifest weight of the evidence issue.

The record on appeal shows that at the outset of the first day of the hearings before the regional board on the petition, and before the regional board had ruled on any substantial issue in the case, District 219 presented a written motion to disqualify Rosalie Stein from participating as a board member in the detachment proceeding. The motion, in relevant part, stated:

"Rosalie Stein is one of the Committee of Petitioners in *Ruth Beck, Rosalie Stein, Roberta Shapiro, Micki Abrams, Fred Elikan, Jutta Stone, Maryann Fields, Sheldon Abrams, Shirley Margolis, and Sandy Aberman v. Regional Board of School Trustees of Cook County*, Docket No. 82 L 7874, a case currently on administrative review before the Circuit Court of Cook County, a proceeding in which petitioners, including Rosalie Stein, are seeking to detach a portion of Evanston Township High School District No. 202 and to have said area attached to Niles Township High School District No. 219. Since Niles Township High School District No. 219 is one of the parties to the instant proceeding, it necessarily follows that Rosalie Stein has a 'personal interest in the ruling to be made.' "

The regional board denied the motion for procedural and substantive reasons. Subsequently, Ms. Stein voted with the majority of the regional board to grant the petition.

In its initial brief on appeal, District 219 described Ms. Stein's "personal interest" in the decision of the instant case in the following words:

> "[T]he record is clear that Rosalie Stein and Niles Township High School District No. 219 were adverse parties in pending litigation initiated by Ms. Stein and her co-petitioners at the time the instant petition was pending before the Regional Board of School Trustees. The mere fact of Stein's involvement in a similar proceeding before the same Regional Board involving an adverse party impaired her ability to be open-minded, objective and impartial."

In its appellate reply brief, District 219 further described Ms. Stein's personal interest as follows: "Ms. Stein may have believed that the loss of the territory involved herein would make District 219 more disposed to supporting her petition to annex territory to District 219."

We first consider whether District 219's motion to disqualify Rosalie Stein was untimely and properly denied on procedural grounds. It appears that on July 19, 1982, the regional board set August 16, 1982, as the date for a special meeting to hear the merits of the detachment petition. It also appears that the board ordered that all procedural motions be filed within 10 days, in accordance with rules established previously by the board. Since District 219 did not file its motion to disqualify Ms. Stein until August 16, 1982, appellees, District 225 and the petitioners in the detachment proceeding, contend that the motion was properly denied on procedural grounds.

Appellees find support for their position in section 114—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 114—5(a)), which provides that in criminal cases a motion for an automatic substitution of judges must be made within 10 days after the case has been placed on the trial call of a judge, and in title 28, section 144 of the United States Code (28 U.S.C. sec. 144 (1982)), which permits the removal of a judge for bias or prejudice by affidavit "filed not less than 10 days before the beginning of the term at which the proceeding is to be heard." Clearly, however, neither of these statutes was applicable to the administrative proceedings before the regional board.

■■ District 219 contends that the rules of the regional board cannot be enforced to affect its substantive rights, relying on the princi-

ple that "the authority of an administrative agency to adopt rules and regulations is defined by the statute creating that authority, and such rules and regulations must be in accord with the standards and policies set forth in the statute." (*Popejoy v. Zagel* (1983), 115 Ill. App. 3d 9, 11, 449 N.E.2d 1373.) According to District 219, the Illinois School Code confers no authority upon the regional board to adopt procedural rules in detachment hearing matters, and absent such authority, the regional board cannot enforce any such rule to affect the substantive rights of District 219. Without adopting this argument, we are of the opinion that District 219's motion to disqualify Rosalie Stein should not have been denied on procedural grounds. District 219 sought to disqualify Ms. Stein for cause, and its motion was presented to the regional board before the hearings on the petition began and before the board ruled on any substantial issue in the case. Under these circumstances and in the absence of any statute to the contrary, we believe that the regional board erred in denying the motion for procedural reasons.

Accordingly, we consider whether the motion to disqualify was properly denied on substantive grounds.

■ The Illinois Supreme Court has established that no person may play a decision-making role in a judicial or administrative proceeding in which he or she has a personal interest. In *In re Heirich* (1956), 10 Ill. 2d 357, 384, 140 N.E.2d 825, *cert. denied* (1957), 355 U.S. 805, 2 L. Ed. 2d 49, 78 S. Ct. 22, our supreme court stated:

"It is a classical principle of jurisprudence that no man who has a personal interest in the subject matter of decision in a case may sit in judgment on that case.

The principle is as applicable to administrative agents, commissioners, referees, masters in chancery, or other arbiters of questions of law or fact not holding judicial office as it is to those who are technically judges in the full sense of the word."

(See also *Smith v. Department of Registration & Education* (1952), 412 Ill. 332, 343, 106 N.E.2d 722; *City of Naperville v. Wehrle* (1930), 340 Ill. 579, 581, 173 N.E. 165.) Such a "personal interest" need not be pecuniary; "[i]t need only be an interest which can be viewed as having a potentially debilitating effect on the impartiality of the decision maker." (*International Harvester Co. v. Bowling* (1979), 72 Ill. App. 3d 910, 914, 391 N.E.2d 168; see also *In re East Maine Township Community Association* (1957), 15 Ill. App. 2d 250, 259-62, 145 N.E.2d 777.) And if one member of an administrative body is not disinterested, his or her "participation infects the action of the whole body and makes it voidable." *City of Naperville v. Wehrle* (1930), 340

Ill. 579, 581.

Case law from other jurisdictions supports the position taken by the Illinois cases. In *Board of Education v. International Union of Operating Engineers, Local No. 68* (1970), 109 N.J. Super. 116, 262 A.2d 426, the court held that the decision of a commission should be set aside because it was infected with a conflict of interest in that one of the commissioners was a partner in the law firm which represented the union in the proceeding before it. The court stated:

"Representatives of the public acting in a judicial or *quasi*-judicial capacity must be required to perform their duties free of any interest, personal or pecuniary, possessing the potentiality of influencing their judgment.

\*\*\* [T]he interest which disqualified an official need not be a direct or pecuniary one." 109 N. J. Super. 116, 120, 262 A.2d 426, 428.

Similarly, in *Chicago, Milwaukee, St. Paul & Pacific R.R. Co. v. Washington State Human Rights Com.* (1976), 87 Wash. 2d 802, 557 P.2d 307, the Washington Supreme Court held that an impermissible conflict of interest existed where one of the members of a tribunal had a job application pending with the commission during the time period the tribunal was processing and deciding the case. In holding the decision of the tribunal invalid, the court stated:

"The extension to \*\*\* administrative tribunals of the disqualification rules applicable to judges is a well established concept. [Citations.]

It is fundamental to our system of justice that judges be fair and unbiased. [Citations.] An interest that is alleged to create bias or unfairness need not be direct or obvious. 'Any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit, is sufficient to disqualify. \*\*\* Pecuniary interest in the result of the suit is not the only disqualifying interest.' [Citations.]" 87 Wash. 2d 802, 807-08, 557 P.2d 307, 311.

Applying these principles to the instant case, we are of the opinion that Ms. Stein had a "personal interest" in the decision of the regional board. Not only were Ms. Stein and District 219 adverse parties in pending litigation initiated by Ms. Stein and her co-petitioners at the time the instant petition was pending before the regional board, but Ms. Stein may have believed that the loss of territory from District 219 in the instant case might have made District 219 more disposed to support her petition to annex territory to District 219. Under these circumstances, we are compelled to conclude that Ms.

Stein was not disinterested and that her participation in the decision of the regional board rendered void the action of the regional board.

Appellees contend that any interest of Ms. Stein in the decision of the regional board was remote and speculative, and consequently, not sufficient to invalidate the decision of the regional board. Appellees state that District 219 never participated at any level or in any way in the earlier case and that District 219's assertion that its status as a nominal defendant in that case rendered Ms. Stein incapable of reaching an objective conclusion in the instant case was speculation. We do not agree. In our opinion, under the circumstances of this case, the fact that Ms. Stein and District 219 were adverse parties in pending litigation did not constitute a remote or speculative interest.

In reaching this conclusion, we do not suggest that Ms. Stein performed her duties as a board member in less than an exemplary manner. However, the existence of her personal interest was sufficient, in itself, to invalidate the decision of the board.

For the aforementioned reasons, the order of the circuit court of Cook County which affirmed the decision of the regional board is reversed, and the cause is remanded to the regional board for further proceedings not inconsistent with this opinion.

Reversed and remanded.

McNAMARA and McGILLICUDDY, JJ., concur.