EASTER HOUSE, Plaintiff-Appellant, v. THE DEPARTMENT OF CHILDREN AND FAMILY SERVICES *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—87—2200

Opinion filed September 28, 1990.

Samuel K. Skinner, Gerald L. Angst, and Maripat Flood, all of Chicago, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn Denney, As-

sistant Attorney General, of Springfield, and Robert H. McFarland, William K. Kane, and Patti Marshall, Assistant Attorneys General, of Chicago, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff-appellant Easter House appeals from an order of the circuit court of Cook County which affirmed in part the decision of the Illinois Department of Children and Family Services (DCFS) to deny Easter House's license to operate as an adoption agency.

On appeal, Easter House contends that (1) DCFS's bias denied its right to a fair hearing and decision; (2) the hearing officer erred in denying Easter House the right to introduce certain evidence in support of its defense of bias; (3) DCFS deprived Easter House of due process of law when it changed its interpretation of regulations without notice and applied the new interpretations retroactively; (4) DCFS improperly refused to renew Easter House's license based on an interpretation of the regulations not applied to other child welfare agencies; (5) DCFS erred in refusing to renew Easter House's license on the basis of alleged infractions which it failed to bring to Easter House's attention; (6) DCFS erred in refusing to renew Easter House's license on the basis that Easter House conducted home studies and post-placement visits with residents of certain other States in connection with Illinois adoptions; (7) DCFS failed to sustain its burden of proving any of the charges; and (8) DCFS's sanction of nonrenewal of Easter House's license is arbitrary and capricious. We reverse and remand.

Easter House is a Chicago-based adoption agency. From 1962 until 1981, Easter House was a licensed Illinois child welfare agency. In September 1980, DCFS began a license review in connection with Easter House's scheduled December 8, 1980, two-year license renewal. After the license review was concluded in January 1981, DCFS refused to renew Easter House's license. DCFS notified Easter House of its refusal to renew its license by letter on January 29, 1981. Thereafter, Easter House requested a written explanation of the charges and a hearing. On March 27, 1981, Easter House received a written complaint prepared by the Attorney General's office on behalf of DCFS and a hearing was scheduled for April 15, 1981.

Easter House answered DCFS's complaint, denied all of the charges and asserted, *inter alia*, that DCFS and its officials were biased against Easter House and therefore they could not obtain a fair hearing from them. After a hearing officer was appointed by DCFS, Easter House moved for a change of venue, asserting that it could

not receive either a fair hearing or a fair administrative decision from DCFS. Easter House submitted an affidavit from its executive director, Seymour Kurtz, in support of its motion. In his affidavit, Kurtz related that the DCFS officials involved in the Easter House licensing review were defendants in a pending Federal court action brought by Easter House. (That lawsuit subsequently resulted in a judgment against DCFS which was later vacated on appeal. *Easter House v. Felder* (7th Cir. 1990), 910 F.2d 1387.)

The hearing officer denied the motion for change of venue, ruled that DCFS was not biased, and prohibited Easter House from introducing additional evidence in support of its affirmative defense that DCFS and its officials were biased and prejudiced against Easter House. Thereafter, the hearing officer received evidence from DCFS for approximately two years. At the close of DCFS's case, Easter House moved for a directed finding and the hearing officer dismissed 11 of the 14 charges. The DCFS Director at that time, Gregory Coler, reversed the hearing officer and reinstated all of the charges. Easter House then presented its evidence, and on November 29, 1984, the hearing officer rendered his recommended decision. The hearing officer found that DCFS had failed to sustain its burden of proof on the previously dismissed charges and ruled against DCFS and in favor of Easter House on all of the charges except one. However, the hearing officer found that Easter House's executive director gave a false and misleading response to a question posed by DCFS. On that basis alone, the hearing officer recommended that Easter House's license not be renewed. Thereafter, the DCFS Director reversed the hearing officer and found against Easter House on 12 of the 14 charges. The Director found that Easter House's violation of those charges constituted sufficient basis for nonrenewal of its license to operate as an Illinois child welfare agency.

Easter House sought administrative review in the circuit court. Following briefing and oral argument, the court issued a memorandum opinion on January 7, 1987. In its opinion, the court affirmed DCFS's decision on eight of the charges, affirmed but remanded for imposition of a lesser penalty on two charges and reversed DCFS on two charges. The trial court's ruling affirmed the decision of DCFS to deny Easter House a license to operate as a child welfare agency. This appeal followed.

■■ On appeal, Easter House initially argues that it was denied a fair hearing and decision because of the bias of DCFS. We agree. Due process of law presupposes a fair and impartial hearing before a fair and impartial tribunal. (*Smith v. Department of Registration & Edu-*

316

*cation* (1952), 412 Ill. 332, 341, 106 N.E.2d 722, 726.) It is thus a classic principle of jurisprudence that no man who has a personal interest in the subject matter of decision in a case may sit in judgment on that case. (*In re Heirich* (1956), 10 Ill. 2d 357, 384, 140 N.E.2d 825, 838.) Such a personal interest need not be pecuniary; it need only be an interest which can be viewed as having a potentially debilitating effect on the impartiality of the decision maker. *Board of Education of Niles Township High School District No. 219, Cook County v. Regional Board of School Trustees* (1984), 127 Ill. App. 3d 210, 213, 468 N.E.2d 1247, 1249.

■■ Any interest, the probable and natural tendency of which is to create a bias in the mind of the judge for or against a party to the suit, is sufficient to disqualify. (*Board of Education*, 127 Ill. App. 3d at 214.) Further, the principle is as applicable to administrative agents, commissioners, referees, masters in chancery, or other arbiters of questions of law or fact not holding judicial office as it is to those who are technically judges in the full sense of the word. (*Heirich*, 10 Ill. 2d at 384.) In addition, if one member of an administrative body is not disinterested, his or her participation infects the action of the whole body and makes it voidable. *Board of Education*, 127 Ill. App. 3d at 213.

In the present case, when DCFS's decision to deny Easter House's license was administratively appealed, Easter House's lawsuits against DCFS and its Director, as well as Easter House's former executive director, were pending in Federal court. In those lawsuits, Easter House alleged that DCFS and its employees conspired with Easter House's former executive director to deprive it of its operating license by delaying action upon Easter House's application for a license while simultaneously granting a license to Easter House's former executive director in an expeditious manner. The lawsuits further alleged that DCFS conspired to harass Easter House through an intensive investigation designed to dismantle its operation. In its motion for change of venue, Easter House informed the hearing officer of the pending lawsuits. The hearing officer denied Easter House's motion for a change of venue.

■ In our view, the hearing officer erred in ruling that DCFS was not biased against Easter House and that it was capable of rendering an impartial decision in this matter. DCFS had a personal interest in the Easter House licensing proceedings. DCFS and Easter House were adverse parties in a Federal lawsuit. Further, DCFS's ability to substantiate, through its licensing proceedings, the improper conduct or procedures of Easter House would help its defense in the Federal matter. DCFS contends that Easter House failed to demonstrate that the Director was biased. However, it is undisputed that Easter House and DCFS

were adverse parties in a lawsuit and that therefore DCFS had an interest in the licensing proceedings. It is also relevant that the Director chose to disregard the findings of its own hearing officer whom it reversed on two occasions. The hearing officer clearly, however, exercised independence from DCFS in its conduct of the hearings. We therefore find Easter House's contention that the hearing officer was biased to be without merit. Nonetheless, we conclude that the fact that even one DCFS staff member who participated in the decision was not disinterested infects the action of the whole body and makes the decision of DCFS void.

■ Under these circumstances, we conclude that DCFS and its officials were not disinterested and that their participation in the licensing decision rendered the procedure void. The existence of their personal interest was sufficient, in itself, to invalidate the decision of DCFS. Since there is someone else who could have acted in the interested official's place, the rule of necessity is not applicable. (See *International Harvester Co. v. Bowling* (1979), 72 Ill. App. 3d 910, 915, 391 N.E.2d 168, 172.) Further, during the absence or inability to act, of the director of any department, the Governor may designate some person as acting director, to execute the powers and discharge the duties vested by law in such director. (Ill. Rev. Stat. 1987, ch. 127, par. 12.) The decision of DCFS therefore cannot stand.

■ Our conclusion makes it unnecessary to address the other issues raised on appeal. Accordingly, the order of the circuit court which affirmed in part the decision of the Department of Children and Family Services to deny Easter House's license to operate as an adoption agency is reversed, and the final administrative decision of DCFS is reversed. In addition, this cause is remanded to the circuit court for the entry of an order directing the Director of DCFS to request the Governor of Illinois to proceed under the applicable statute to appoint some impartial and qualified person to exercise the functions of the Director of DCFS to review the recommended decision of the hearing officer and render a decision, and for further proceedings consistent with this opinion.

Reversed and remanded.

McNAMARA* and WHITE, JJ., concur.

---

*Justice McNamara participated in this case prior to his assignment to the sixth division.