DAVID BENDER, Plaintiff-Appellant, v. THE BOARD OF FIRE AND POLICE COMMISSIONERS OF DOLTON, Defendant-Appellee.

First District (2nd Division)   No. 1—92—2768

Opinion filed September 14, 1993.

Wayne M. Klocke, of Springfield, for appellant.

Kusper & Raucci, Chartered, of Chicago (Stanley T. Kusper, Jr., and John P. Connell, of counsel), for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

The Board of Fire and Police Commissioners of Dolton, Illinois (the Board), discharged David Bender, and he sued for administrative review. The trial court affirmed the Board and Bender appeals. We remand for rehearing because the Board improperly failed to disqualify one of its members from hearing the case.

On December 19, 1990, Dolton Chief of Police George Pfotenhauer began disciplinary proceedings against Bender, charging him with six counts of misconduct. Prior to the hearing on the charges before the Board, Bender moved to disqualify Commissioner Donald Clayton. Bender swore, in an affidavit in support of the motion, that Clayton was a part-time reserve police officer for Dolton, and as such he was subordinate to Pfotenhauer, who had the power to evaluate Clayton's performance and thereby affect his employment status.

At the hearing Chief Pfotenhauer, represented by an attorney, acted as plaintiff, and the Board had the advice of its own attorney. Bender's attorney requested a ruling on his disqualification motion. The Board's attorney read a statement prepared in response to the motion, saying that "there's no provision in law that I'm aware of *** for the recusal of members of this type of board." Clayton did not dispute the accuracy of Bender's affidavit. The Board denied the motion.

■ As a preliminary matter, defendants Pfotenhauer, the Village of Dolton and the individual members of the Board suggest that this court may not have jurisdiction over them in this appeal because they are not named in the notice of appeal. Where a party not named in the notice of appeal actually receives timely notice, the error may be considered *de minimis*. (*Skees v. Growmark, Inc.* (1987), 158 Ill. App. 3d 842, 846, 511 N.E.2d 982.) The omission is not grounds for finding that this court lacks jurisdiction over the party not named, especially where that party is represented by an attorney who represents another party properly named in the notice of appeal. (*In re Estate of Bonjean* (1980), 90 Ill. App. 3d 582, 587, 413 N.E.2d 205.) Here all defendants were represented in the trial court by the Board's attorney, and the attorney received the timely notice of appeal which properly named the Board as appellee. Thus, this court has jurisdiction to consider this appeal as it applies to all defendants.

■ Bender argues that this case must be reversed and remanded to the Board because the Board improperly allowed Commissioner Clayton to participate in deciding this case. In *In re Heirich* (1956), 10 Ill. 2d 357, 140 N.E.2d 825, committees on grievances of the Illinois State Bar Association and the Chicago Bar Association heard charges against an attorney. One committee member was a partner in a law firm that represented an organization which brought charges against the attorney. Our supreme court held:

> "[R]espondent was entitled to be tried before a tribunal that was completely disinterested in the subject matter and *** it would have been appropriate for the commissioner to have disqualified himself.
>
> *** [W]e need not in law, nor do we in fact, hold or intimate that this particular commissioner was infected, consciously or unconsciously, with prejudice or affected by other motivation against respondent.
>
> It is a classic principle of jurisprudence that no man who has a personal interest in the subject matter of decision in a case may sit in judgment on that case.
>
> The principle is as applicable to administrative agents, commissioners, referees, masters in chancery, or other arbiters of questions of law or fact not holding judicial office as it is to those who are technically judges in the full sense of the word. ***
>
> ***
>
> We need not cite authority holding that if a venireman were to be retained upon a jury in a case in which he or the company

that employed him had a financial interest over appropriate challenge, the verdict would be set aside. A similar principle is applicable here." (*Heirich*, 10 Ill. 2d at 384-85.)

These principles apply to administrative review of charges of employee misconduct heard before a city's board of fire and police commissioners. *Mank v. Board of Fire & Police Commissioners* (1972), 7 Ill. App. 3d 478, 484, 288 N.E.2d 49.

A commissioner may have a personal interest requiring disqualification even though he does not have a direct pecuniary interest in the outcome of the case.

"[A] 'personal interest' need not be pecuniary; '[i]t need only be an interest which can be viewed as having a potentially debilitating effect on the impartiality of the decision maker.' (*International Harvester Co. v. Bowling* (1979), 72 Ill. App. 3d 910, 914, 391 N.E.2d 168; [citation].) And if one member of an administrative body is not disinterested, his or her 'participation infects the action of the whole body and makes it voidable.' *City of Naperville v. Wehrle* (1930), 340 Ill. 579, 581[, 173 N.E. 165]." *Board of Education of Niles Township High School District No. 219 v. Regional Board of School Trustees* (1984), 127 Ill. App. 3d 210, 213-14, 468 N.E.2d 1247.

Here, Commissioner Clayton was employed in a position subordinate to Chief Pfotenhauer, who was both a party and a witness in the case against Bender. That employment relationship would be sufficient grounds to exclude Clayton from serving as a juror in this case:

" 'The trend of authority is to exclude from juries all persons who by reason of their business or social relations, past or present, with either of those parties, could be suspected of possible bias ***.' " (*Marcin v. Kipfer* (1983), 117 Ill. App. 3d 1065, 1068, 454 N.E.2d 370, quoting R. Hunter, Trial Handbook for Illinois Lawyers §15.14 (5th ed. 1983).)

In *People v. Green* (1990), 199 Ill. App. 3d 927, 930, 557 N.E.2d 939, the appellate court found that the trial court should have excused a juror for cause because she was a secretary in the State's Attorney's office, even though she said that her employment would not affect her ability to be fair. Similarly, for judges, "recusal is required when, at the very time *** [of] trial before a judge, he is in negotiation *** with a lawyer or law firm or party in the case over his future employment." (*Pepsico, Inc. v. McMillen* (7th Cir. 1985), 764 F.2d 458, 461.) The actual employment relationship with a party, not merely his attorney, is yet stronger grounds for finding a person disqualified for possi-

ble bias. Therefore, Clayton's participation in this case in a quasi-judicial capacity requires reversal for rehearing by the Board.

Because of our resolution of this issue, we need not address the other issues raised in this appeal.

Reversed and remanded.

HARTMAN and SCARIANO, JJ., concur.