William Lee, Plaintiff-Appellee, v. Louisville and Nashville Railroad Company, Defendant-Appellant.

Term No. 52–O–6.

Opinion filed January 30, 1953. Released for publication March 4, 1953.

BALTZ & GUYMON, of Belleville, for appellant.

LOUIS BEASLEY, of East St. Louis, for appellee.

MR. PRESIDING JUSTICE BARDENS delivered the opinion of the court.

This is an action based on the F. E. L. A. resulting in a verdict and judgment for the plaintiff for $7,500. The lower court refused to grant a motion for judgment n. o. v. and for a new trial and this appeal followed.

Plaintiff, an employee of the defendant, filed suit for an alleged injury occurring on March 29, 1951, and charged the defendant with negligence in failing to furnish sufficient help to the plaintiff in transferring freight; in improperly placing crates in the car from which they were to be removed; and in ordering plaintiff to move the crates, knowing that they were in an unsafe condition of piling. Defendant filed an answer denying negligence and further alleging that the injuries, if any, to the plaintiff were the proximate result of his sole negligence. No reply was filed.

Plaintiff testified that on March 28, 1951, he started transferring bales and crates of lumber between cars on adjoining tracks connected by a moveable apron or bridge. The lumber consisted of two kinds of bundles, the lighter ones being called bales, and the heavier ones, crates. The bales were carried and the crates

were hand-trucked. For part of the day of March 28, plaintiff was assisted by Will Dale, a porter. On the 29th, when plaintiff went to work, Dale told him, "Well, Lee, you know what to do," whereupon plaintiff commenced working by himself in the car and carried out some of the lighter bales. After he took out a few bales he reached up for a crate and it came down upon him, hitting his head and shoulder and knocking him down to the floor. He stated that after awhile Dale, the porter, came to the car and together they removed the crate which had fallen; that after making a try for another crate he could go no further; his hand was shaking and his whole side bothered; his head was dizzy. Plaintiff testified that thereafter he was taken to the hospital and there was treated for his injury. The witness Dale, the porter, did not corroborate the plaintiff. Dale stated that when he got to the car on the morning of the 29th the plaintiff, who had complained of feeling bad when he came to work, was carrying out the bales; that Dale went in and got the hand-truck and brought out one of the bigger bundles or crates and while Dale was bringing out the second bundle the plaintiff asked Dale to let him rest; that at that time Dale noticed Lee's hand shaking and observed Lee's condition and left to call the foreman. The testimony further showed that the heavier bundles or crates were piled crossways in the car and that the lighter bundles were lengthwise at the end of the crates. Testimony was adduced about the size of the heavier crates and ranged in estimates from 250 to 700 pounds.

Plaintiff's doctor stated that the paralysis of the plaintiff that ensued could have been caused by the accident as described by plaintiff. Defendant's medical testimony is contradictory, but since no claim is made that the verdict is excessive, we feel it unnecessary to recite in detail the medical testimony.

Defendant contends and assigns as error the failure of the lower court to grant a peremptory instruction at the close of the evidence; to grant the judgment notwithstanding the verdict; the failure of the lower court to grant a new trial on the grounds that the verdict was against the manifest weight of the evidence; and the court's refusal to grant defendant's proffered instruction on the issue of the negligence of the plaintiff.

■ We have carefully reviewed the evidence in the case and we find no error by the lower court in its refusal to grant the peremptory instructions or judgment notwithstanding the verdict, nor can we say that the verdict is against the manifest weight of the evidence on the question of negligence. Inasmuch as the judgment is being reversed on other grounds, we refrain from discussion of evidence except as necessary.

■■ We do feel, however, that the lower court committed error in the refusal to give defendant's proffered instruction on the question of the effect of contributory negligence in minimizing damages. The refusal to give this instruction was based upon plaintiff's contention that the defendant had not plead contributory negligence as a defense and therefore it was not an issue in the case. With this contention we disagree. The Federal Employers' Liability Act entirely supplanted the common-law actions of servant against master and paragraph 3 of the Act, Title 45, par. 53, U. S. C. A., specifically abolishes contributory negligence as a defense. Paragraph 3 reads in part as follows:

"In all actions hereafter brought against any such common carrier by railroad under or by virtue of any of the provisions of this chapter to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negli-

gence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee: * * * ".

By virtue of this statute contributory negligence is not a defense. It simply goes to the question of diminution of damages.

Plaintiff, on the question of the necessity of pleading contributory negligence, relies on the case of *Sprickerhoff v. Baltimore & Ohio R. Co.*, 323 Ill. App. 340, 351, a case decided by this court. This case does recite the general rule of federal procedure requiring contributory negligence, as an affirmative defense, to be pleaded and proved by defendant. The case then holds that plaintiff is not required to include the element of contributory negligence in his measure of damages instruction. The court then pointed out that defendant's instruction regarding diminution of damages for contributory negligence was given and cured any alleged error claimed by defendant. Plaintiff also relies on the cases of *Louisville & N. R. Co. v. Mount*, 35 F. (2d) 634, and *Central Vermont R. Co. v. White*, 238 U. S. 507, 59 L. Ed. 1433, 35 S. Ct. Rep. 865. In the case of *Louisville & N. R. Co. v. Mount*, no question of pleading was involved, the court in that case holding that there was no evidence sufficient to go to a jury on the question of contributory negligence. In the *Central Vermont Railroad* case, also, no question of pleading was involved, the court holding that there was no error in refusing a charge that the burden was on the plaintiff to prove that her decedent was not guilty of contributory negligence.

On the other hand, in the case of *Kansas City Southern R. Co. v. Jones*, 241 U. S. 181, 60 L. Ed. 943, 36 S. Ct. 513, where contributory negligence was not pleaded and the lower court had refused to allow defendant's evidence showing or tending to show negligence on the

280

part of plaintiff's intestate, the court reversed the lower court and stated:

"Manifestly, under this provision (Sec. 53), a defendant carrier has the federal right to a fair opportunity to show in diminution of damages any negligence attributable to the employee. * * * As, under the Federal statute, contributory negligence is no bar to recovery, the plain purpose in offering the excluded evidence was to mitigate damages. In such circumstances it was unnecessary to go through the idle form of articulating the obvious (that of stating the purpose of the offer in evidence). * * * Plaintiff in error (defendant) has been improperly deprived of a Federal right. The judgment below is accordingly reversed * * * * ."

In the more recent case of *Keith v. Wheeling & L. E. Ry. Co.,* reported in 160 F. (2d) 654, the defendant's answer merely denied negligence on their part. At the close of the evidence the lower court directed a verdict on the grounds that the injury was due to the sole negligence of the plaintiff. The upper court reversed because they found there was evidence tending to prove negligence of the defendant and they remanded the case for new trial to be submitted to the jury under appropriate instructions that, (1) if it found the negligence of the plaintiff was the sole proximate cause of his injury, plaintiff would not be entitled to recover, and (2) if it found the negligence of the defendant in whole or in part was the proximate cause of plaintiff's injury, plaintiff would not be entitled to recover the full damages but they should be proportioned between the plaintiff and the employer according to their respective fractions of total negligence. See also *Pittsburg, C. C. & St. L. Ry. Co. v. Cole,* 260 Fed. 357, and *Carter v. Atlanta & St. A. B. Ry. Co.,* 338 U. S. 430, 94 L. Ed. 236, 70 S. Ct. 226.

 In the testimony of the plaintiff concerning the manner in which the accident happened, he stated that he was standing "right almost up under the crate that fell on him and close enough for it to flop over and hit him"; that the crate was about seven feet high and stacked on other crates from the floor on up; that he raised his right hand to pull it down and this crate alone flopped over on him and struck him on the head on the right side and on the large part of his shoulder. There were no other eyewitnesses to the alleged accident. There is no evidence that the crate was stacked in a precarious or dangerous position. There is sufficient, therefore, in the plaintiff's own statement of how the accident happened to justify the jury in drawing an inference of some contributory negligence. Under these circumstances, it was error to refuse the proffered instruction because no other instruction given incorporated that feature of the law. The case was highly disputed on an evidentiary basis and it was of importance that the jury be properly instructed. Refusal to give this instruction was reversible error.

 Plaintiff contends that defendant has waived the question of error in refusing the instruction since it pertains only to the amount of the verdict and no contention is made that the verdict is excessive. As we understand it, defendant's contention is not that the verdict exceeds the proof of injuries but that the jury was not permitted to apportion the total allowed for the injuries in proportion to the amount of negligence, if any, attributable to plaintiff.

For the reason indicated, the judgment of the lower court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

CULBERTSON, J. and SCHEINEMAN, J., concur.