FIRST NATIONAL BANK OF OAK LAWN, Plaintiff-Appellant, *v.* HEINZ MINKE, Defendant-Appellee.

First District (5th Division)    No 80-1177

Opinion filed July 31, 1981.

Berger, Newmark & Fenchel, of Chicago (Donald J. Moran and Christopher J. Horvay, of counsel), for appellant.

Hedberg, Tobin, Corrigan & Wolf, of Chicago (James H. Wolf, of counsel), for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

This is an appeal from an order dismissing plaintiff's second amended complaint to enforce a guaranty contract for the payment of rent upon defendant's motion made pursuant to sections 45 and 48 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, pars. 45, 48.

The sole issue presented on appeal is whether the trial court properly dismissed plaintiff's second amended complaint.

On January 25, 1980, after filing a verified complaint and an amended verified complaint, both of which were dismissed on defendant's motion, plaintiff filed a second amended verified complaint.

The second amended complaint alleged in pertinent part that on June 21, 1976, Okon Industries (as lessee) entered into an equipment lease agreement with Executive Commercial Services, Ltd., (Executive) (as lessor) and that on or about that date defendant executed a guaranty contract, signed by defendant, which stated that the defendant

"* * * guarantees to the lessor and its assigns the prompt payment of all rent when due, whether by acceleration or otherwise, to be paid by the lessee and the performance by the lessee of all the terms, conditions, covenants and agreements of the lease."

The complaint further alleged that on or about September 30, 1976, plaintiff purchased that lease from Executive in reliance upon the defendant's guaranty, for value, in good faith and without notice of any claims or defenses existing on the part of any person, including defendant, and that Executive executed an assignment of that lease to plaintiff. Finally, the complaint alleged that Okon Industries, Inc., and defendant failed to make the payments due under the lease, that demand for such payments had been made upon them by plaintiff, and that there was due and owing to plaintiff the sum of $25,117.50. Attached to the complaint were "a true and correct" copy of the lease agreement (Exhibit A), a "true and correct" copy of the guaranty executed by defendant (Exhibit B), and an assignment of the lease from Executive to plaintiff (Exhibit C).

12

Defendant, stating that the second amended complaint was for all intents and purposes the same as the original, reasserted the dismissal grounds from counts II and III of his first motion to dismiss; that the guaranty required presentment, demand, protest and notice of protest which were not given to defendant, and that the language of the guaranty as evidenced in Exhibit B attached to the complaint was vague, uncertain, incomplete and hence legally unenforceable.

The court stated that there was a gap in the language of the second sentence of the guaranty which reads:

"In consideration of the making of the above Lease Agreement * * * the undersigned * * * guarantees to the lessor and its assigns the prompt payment of all rent when due, whether by acceleration or otherwise to be paid by the lessee * * *. The undersigned promises to pay all expenses including attorney's fees incurred in enforcing any obligation of the lessee under the lease or *incurred presentment, demand, protest, notice of protect [sic] or of any obligations hereunder*, grant the lessee any extension or indulgence under the lease, and may proceed directly against the undersigned without first proceeding against lessee or liquidating or otherwise disposing of any security afforded under the lease." (Emphasis added.)

Plaintiff admitted that there was an omission of language after the second "incurred" in the second sentence but contended that the omission was not material in that the enforceability of the guaranty could be construed from the first sentence of the guaranty.

The court, however, concluded that Exhibit B, the guaranty contract, was incomplete on its face; that no one could supply the missing language; that the exhibit controlled the pleading and accordingly the complaint failed to state a cause of action. The court dismissed the cause with prejudice and later denied plaintiff's motion for rehearing and reconsideration.

Plaintiff subsequently filed its appeal.

OPINION

Preliminarily, we note that defendant's motion to dismiss, brought under both section 45 and 48 of the Illinois Civil Practice Act is a hybrid, not favored by the courts. *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605; *Weber v. Weber* (1979), 77 Ill. App. 3d 383, 396 N.E.2d 43.

The trial court did not articulate which of these two sections was the basis for its dismissal of plaintiff's complaint. Plaintiff contends that the court ruled pursuant to section 45. Defendant contends that the court ruled pursuant to section 48. As counts II and III of the motion did not

specifically complain of defects in the pleading and as defendant's motion was supported by affidavit,[1] we will treat the motion as brought pursuant to section 48.

■■ Subsection 48(1)(i) allows the dismissal of an action based on the assertion of affirmative matter which does not appear on the face of the complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).) This subsection is limited by the basic rule that a motion to dismiss admits all well-pleaded facts but it does not admit conclusions of law, nor conclusions of fact unsupported by allegations of specific fact upon which such conclusions rest. (*Village of Niles v. City of Chicago* (1980), 82 Ill. App. 3d 60, 401 N.E.2d 1235.) Exhibits attached to a complaint constitute a part of the pleading for all purposes (Ill. Rev. Stat. 1979, ch. 110, par. 36), and facts stated in such exhibits are considered as having been alleged in the complaint. *Ford v. University of Illinois Board of Trustees* (1977), 55 Ill. App. 3d 744, 371 N.E.2d 173.

■■ The alleged affirmative matter asserted under subsection 48(1)(i) to defeat the claim or demand must be something more than evidence offered to refute a well-pleaded fact in the complaint for such well-pleaded facts must be taken as true for purposes of a motion to dismiss. (*Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.) If the grounds on which the motion is based do not appear on the face of the pleading attacked, the motion shall be supported by affidavit. Ill. Rev. Stat. 1979, ch. 110, par. 48(1).

Considering these parameters, neither count II nor count III of defendant's motion to dismiss was sufficient to defeat plaintiff's complaint.

■■ Count II alleged that the guaranty contract requires presentment, demand, protest and notice of protest to be given to the defendant guarantor by plaintiff and that plaintiff failed to do so. No such contract provision is recited in plaintiff's complaint. The words "presentment, demand, protest, notice of protect [*sic*]" do appear in the guaranty contract attached as Exhibit B to the complaint, but whether such steps were required of plaintiff cannot be determined from the language of the contract alone. Thus, count II of defendant's motion merely raises as an issue of fact before the court the proper interpretation to be accorded certain language in the guaranty contract (*United Farm Bureau Mutual Insurance Co. v. Elder* (1980), 89 Ill. App. 3d 918, 412 N.E.2d 630), without placing before the court by way of affidavit any evidence to support defendant's suggested interpretation. This barren, unsupported assertion cannot be considered sufficient affirmative matter to bar

---

[1] The affidavit only recited that plaintiff had never presented defendant with protest or notice of protest and that demand for payment had never been made upon him by plaintiff.

14

plaintiff's claim. See *Austin View Civic Association v. City of Palos Heights* (1980), 85 Ill. App. 3d 89, 405 N.E.2d 1256.

Count III of defendant's motion is similarly insufficient to bar plaintiff's claim. In essence, count III alleges that the contract of guaranty upon which plaintiff is suing is incomplete and hence vague, uncertain and as a matter of law unenforceable. The trial court agreed.

Although the parties concede that the provision in question is incomplete, we do not agree that as a matter of law it renders the entire contract of guaranty unenforceable or a nullity. (See *Slape v. Fortner* (1954), 3 Ill. App. 2d 339, 122 N.E.2d 57.) However, a contract must be clear, definite and complete in all of its material provisions to be enforceable (*Hintz v. Lazarus* (1978), 58 Ill. App. 3d 64, 373 N.E.2d 1018), but lack of nonessential details will not render the contract unenforceable. (See *Singer v. Murphy* (1930), 338 Ill. 620, 170 N.E. 777.) It is well settled that the primary object in construing a contract is to give effect to the intention of the parties involved, and a contract must be read according to that intent notwithstanding clerical omissions. (*Burns v. Ford Motor Co.* (1974), 29 Ill. App. 3d 585, 331 N.E.2d 325.) Furthermore, a contract is sufficiently definite and certain if the court is able from its terms and provisions, under the proper rules of construction to ascertain what the parties have agreed to do. *Gale v. York Center Community Cooperative, Inc.* (1960), 21 Ill. 2d 86, 171 N.E.2d 30.

The rules of construction for contracts of guaranty are the same rules that apply to contracts generally. (*Shreffler v. Nadelhoffer* (1890), 133 Ill. 536; *Hardware Wholesalers, Inc. v. Heath* (1973), 10 Ill. App. 3d 337, 293 N.E.2d 721.) When a contract is ambiguous or unclear so that the intentions of the parties cannot be discerned from the contract itself, the court may look to extrinsic evidence to make a proper interpretation of the contract. (*Greene v. Gust* (1960), 26 Ill. App. 2d 2, 167 N.E.2d 438.) The court can also cure defective draftsmanship in an action for damages supplying missing words by extrinsic evidence. See *Ebaloy, Inc. v. Square Deal Plumbing & Heating Supply House, Inc.* (1960), 27 Ill. App. 2d 36, 169 N.E.2d 527.

■■ It is clear from these general principles that incomplete or ambiguous language in a contract does not necessarily render a contract unenforceable as a matter of law, and in the instant case the trial court erred in making this determination in the abstract. (See *Gale v. York Center Community Cooperative, Inc.* (1960), 21 Ill. 2d 86, 171 N.E.2d 30.) Accordingly, the trial court erred in dismissing the second amended complaint on the basis that the guaranty contract was unenforceable as a matter of law. Of course, by determining the propriety of the court's ruling on defendant's motion, we have not precluded defendant from raising these matters by way of answer. Ill. Rev. Stat. 1979, ch. 110,

48(4); see *Thornton, Ltd. v. Rosewell* (1977), 51 Ill. App. 3d 373, 366 N.E.2d 418.

For the reasons cited herein, the judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

SULLIVAN, P. J., and WILSON, J., concur.