EDWARD J. MARCIN, Ex'r of the Estate of Patricia K. Myers, Deceased, Plaintiff-Appellant, *v.* ROGER K. KIPFER, Defendant-Appellee.

Fourth District No. 4—83—0141

Opinion filed September 21, 1983.—Rehearing denied October 20, 1983.

Jerome Mirza & Associates, Ltd., of Bloomington (Jerome Mirza, of counsel), for appellant.

Heyl, Royster, Voelker & Allen, of Peoria (Lyle W. Allen and David R. Sinn, of counsel), for appellee.

JUSTICE GREEN delivered the opinion of the court:

On April 10, 1980, plaintiff, Edward J. Marcin, executor of the estate of Patricia K. Myers, deceased, brought suit in the circuit court of Livingston County against defendant, Roger K. Kipfer. The complaint alleged that defendant, a physician and surgeon, specializing in family practice, had given negligent treatment to plaintiff's decedent in such manner as to be a proximate cause of her death on December 24, 1978. After a trial by jury, the court entered a judgment on the verdict of the jury in favor of plaintiff and against defendant in the sum of $1,500. The case was tried under the doctrine of comparative negligence. (*Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) The jury found damages in the sum of $75,000 but reduced the damages by 98% because of decedent's contributory negligence.

Plaintiff appeals, contending: (1) The trial court erred in refusing to excuse two prospective jurors for cause; (2) prejudicial argument of defense counsel deprived plaintiff of a fair trial; (3) the court erred in giving a certain instruction; and (4) the jury's determination that decedent was 98% negligent was contrary to the manifest weight of the evidence. We reverse and remand for a new trial.

We need not discuss the evidence to any substantial extent. Defendant was treating the deceased for a blood clot in her right leg which she had developed shortly after giving birth to a child. Defendant hospitalized plaintiff and prescribed an anticoagulant for her while she was in the hospital. After several days, he permitted her to go home, directing she be given another anticoagulant. Various tests were taken from time to time concerning the effects of the anticoagulant being used. Plaintiff became very ill one evening and died shortly thereafter. Medical experts differed as to whether defendant's treatment was negligent. Most of those testifying were uncertain as to whether the decedent died as a result of a clot in the lung resulting from the clot in the leg or from a brain hemorrhage resulting from having taken an anticoagulant. Evidence was presented that the deceased had failed to follow certain instructions while she was at home.

The evidence was sufficiently favorable to defendant that we cannot determine that plaintiff was entitled, as a matter of law, to a finding that defendant's negligence was 100% of the negligence contributing to her death. Plaintiff is not entitled to judgment as a matter of law. Accordingly, our determination that the court committed reversible error, requiring a new trial, in denying plaintiff's challenge for cause of two jurors is dispositive of the case.

The prospective jurors in question were Carl Staley and Patricia Haag. Staley testified that defendant was his family doctor and Haag, a widow, that he was her doctor. Both testified that there was nothing in the relationship that would make it difficult for them to serve as a juror in the case. They also both testified that they could treat defendant as any other witness. Staley stated that he supposed he would consult defendant even if he became ill that week. Haag stated she would also consult defendant under those circumstances. Plaintiff challenged both for cause, and both challenges were denied. Plaintiff fully preserved his claim of error by exercising all his allotted peremptory challenges, asking for additional peremptories, and making a motion for a mistrial when the latter request was denied.

We recognize that the trial court has great discretion in determining whether to grant a challenge to a prospective juror for cause. (*People v. Hyche* (1979), 77 Ill. 2d 229, 396 N.E.2d 6; *People v. Harris* (1967), 38 Ill. 2d 552, 232 N.E.2d 721.) Great weight should be given to a prospective juror's statement under oath that he can lay aside matters that might indicate bias and render a verdict based on the evidence. (*People v. Williams* (1968), 40 Ill. 2d 522, 240 N.E.2d 645; see *Irvin v. Dowd* (1961), 366 U.S. 717, 6 L. Ed. 2d 751, 81 S. Ct. 1639.) However, the relationship of a prospective juror to a party can be so close that, considering the nature of the case, fairness requires that the juror be discharged. This is such a case.

No closely analogous case has been called to our attention. In a case where an accused was charged with the murder of a physician, the refusal of a defense challenge for cause against a prospective juror who had been a patient of the physician was held not to be reversible error. (*McCollum v. State* (Fla. 1954), 74 So. 2d 74.) The doctor-patient relationship here created more of a problem. In *McCollum*, for the juror to find the accused not guilty of the homicide of the doctor would not have been any show of disrespect to the doctor's memory, nor would it have cast any mark against the doctor's reputation. Here, for the two jurors to have found for plaintiff, they would have had to find their personal physician to have been incompetent in his treatment of decedent. Although the traditional close relationship of

trust and confidence between patient and physician may no longer be as strong as it once was, it still has considerable strength.

■ As in most Illinois counties outside the metropolitan area, obtaining a jury that did not contain some people who know a local physician would probably be difficult in Livingston County. Nothing in our decision is to be taken to mean that others knowing the defendant should have been kept off the jury. Only the very close relationship shown in regard to the two jurors required their exclusion. Denying the challenges for cause made as to Staley and Haag deprived plaintiff of a fair trial. He is entitled to a new trial.

Our decision is consistent with the following statement of an experienced authority on Illinois trial procedure:

"The trend of authority is to exclude from juries all persons who by reason of their business or social relations, past or present, with either of those parties, could be suspected of possible bias ***." Hunter, Trial Handbook for Illinois Lawyers sec. 15.14 (5th ed. 1983).

■ Plaintiff's contention that the court erred in giving a particular instruction concerns a problem likely to recur on retrial. Plaintiff maintains that he was entitled to an issues instruction setting forth the specific grounds of negligence on the decedent's part which defendant was relying on as contributory negligence and which would reduce any damages found. The issues instruction given did not do so.

Illinois Pattern Jury Instruction (IPI), Civil, No. A20.01 (1981 Supp.), lists as an issue in a comparative negligence case, where there was some evidence of contributory negligence by the plaintiff, the following:

"[4] The defendant[s] claim[s] that plaintiff was contributorily negligent [in one or more of the following respects:]" (IPI Civil No. A20.01 (1981 Supp.).)

The Notes on use to that instruction state in part:

"Where no specification of plaintiff's contributory negligence is pleaded by defendant, omit the bracketed material in paragraph [4]." IPI Civil No. A20.01, Notes, at 18 (1981 Supp.).

The Comment to the instruction provides:

"An issue instruction must meet the standards of *Signa v. Alluri*, 351 Ill. App. 11, 113 N.E.2d 475 (1st Dist. 1953), that the issues made by the pleadings be concisely stated without characterization and undue emphasis.

Traditionally, the only burdens of proof upon which the jury has been instructed are those necessary to allow the plaintiff to recover, along with any affirmative defenses that the defendant

might raise which, if successful, would prevent the plaintiff from recovering.

Although *Alvis v. Ribar*, 85 Ill. 2d 1, 52 Ill. Dec. 23, 421 N.E.2d 886 (1981), does not touch on this question, the Committee believes that under the doctrine of comparative negligence, contributory negligence is not an affirmative defense. If it is an issue, it simply goes to the diminution of damages. *Lee v. Louisville & N. R. Co.*, 349 Ill. App. 276, 110 N.E.2d 691 (4th Dist. 1953) (FELA Case). If plaintiff puts his contributory negligence before the jury, either by direct evidence or by inference, it may be considered by the jury, even though it has not been specifically pleaded by the defendant(s), *Lee, supra*, and defendant is entitled to an instruction on contributory negligence mitigating damages, *Pinkstaff v. Pennsylvania R.R. Co.*, 20 Ill. 2d 193, 170 N.E.2d 139 (1960) (FELA Case). If evidence of his contributory negligence has not been put before the jury by the plaintiff, the defendant would then have the burden of going forward with such evidence if he wished plaintiff's contributory negligence to be considered by the jury." IPI Civil No. A20.01, Comment, at 19 (1981 Supp.).

The development of the doctrine of comparative negligence is still in its early stages in this State. Under the circumstances, we agree with the Illinois Supreme Court Committee on Jury Instructions in Civil Cases that the treatment given contributory negligence in cases arising under the Federal Employers' Liability Act (FELA) (45 U.S.C.A. sec. 51 *et seq.*) should be followed by analogy. Under this theory, the type of contributory negligence relied upon by defendant did not have to be alleged. Under the format of IPI Civil No. A20.01, claims of contributory negligence not alleged did not have to be specified in the issues instruction. The trial court was correct in so ruling.

For the reasons stated we reverse and remand the case to the circuit court of Livingston County for a new trial.

Reversed and remanded for a new trial.

TRAPP and MILLER, JJ., concur.