A.D.E. INC., d/b/a Auto Dealers Exchange, Plaintiff-Appellee,

v.

LOUIS JOLIET BANK AND TRUST COMPANY, an Illinois Banking Corporation, Defendant-Appellant.

Nos. 83–2284, 83–2552.

United States Court of Appeals, Seventh Circuit.

Argued April 24, 1984.

Decided Aug. 30, 1984.

Michael V. Gooch, Harrison & Moberly, Indianapolis, Ind., for plaintiff-appellee.

Michael R. Turoff, Arnstein, Gluck & Lehr, Chicago, Ill., for defendant-appellant.

Before BAUER, WOOD, and POSNER, Circuit Judges.

POSNER, Circuit Judge.

Louis Joliet Bank, the defendant in this diversity action to honor a guarantee, appeals from judgment on the pleadings (see Fed.R.Civ.P. 12(c)) in favor of the plaintiff, A.D.E. (Auto Dealers Exchange), which is in the business of conducting automobile auctions. The appeal requires us to consider the Illinois law of guarantee, and a procedural issue.

**396**

According to the facts alleged in the complaint and admitted in the answer, an auto dealer named Mark Lee, doing business as Joliet Motors, had a checking account with the bank, as did his father-in-law, Howard Klugman, an auto dealer also using the name Joliet Motors. Presumably they had formerly been in business together but this is unclear from the pleadings. In any event, the bank decided not to honor checks drawn on Klugman's account. But (presumably at Lee's request) it wrote the following letter to A.D.E.:

To whom it may concern:

This is to verify that checks issued on the account of Mark Lee, Acct. # 156–736–2, will be paid. Since Mark is no longer going under the name of Joliet Motors at your auction his checks will be honored.

The letter was signed by a loan officer of the bank. Lee bought cars at A.D.E.'s auction and gave A.D.E. two checks, for $33,450 and $31,585 respectively. The bank dishonored the checks because Lee did not have enough money in his account to pay them. The upshot was this lawsuit, in which A.D.E. charges that the bank, by the letter quoted above, guaranteed that Lee's checks would be paid, and that A.D.E. accepted the guarantee by accepting the checks. See *Union Carbide Corp. v. Katz*, 489 F.2d 1374, 1375 (7th Cir.1973). The district court gave judgment for A.D.E. in the sum of the two checks.

■ 1. The district court was right to give judgment on the pleadings only if they made it a certainty that the bank was liable to A.D.E. for the checks the bank had dishonored. See *Flora v. Home Federal Savings & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir.1982). This would require that the letter be an unambiguous guarantee of Lee's checks; if it was ambiguous, then the bank would be entitled to put in evidence showing that the letter was not intended by the bank, and could not reasonably have been understood by A.D.E., to be a guarantee. See, e.g., *First National Bank v. Minke*, 99 Ill.App.3d 10, 14, 54 Ill.Dec. 499, 503, 425 N.E.2d 11, 15 (1981); *Dee v. Bank*

*of Oakbrook Terrace*, 84 Ill.App.3d 1022, 1024–25, 40 Ill.Dec. 494, 497, 406 N.E.2d 195, 198 (1980); cf. Farnsworth, Contracts § 3.10, at p. 125 (1982).

■ If the letter had stopped after the first sentence, we would agree with the district court that it constituted a guarantee that Lee's checks would be paid; the first sentence is unequivocal. But like any contract, the letter must be interpreted as a whole. See *id.*, § 7.10, at pp. 492–93. The second sentence, read in light of the fact that the bank had decided not to honor Klugman's checks, could have been intended and understood as an assurance that the bank's dispute with Klugman did not extend to Lee and that the bank would therefore continue to honor his checks—provided, of course, that the usual conditions for honoring a check, such as that the drawer have sufficient funds in his account to cover it, were satisfied. So read, the second sentence is not a guarantee at all; and when the first sentence is reread in light of the second, it can be understood not as a guarantee either but as a telescoped paraphrase of the second, amplifying sentence: an assurance just that Klugman's difficulties would not cause the bank to dishonor Lee's checks. The fact that the letter puts no ceiling on the amount of the bank's "guarantee" is some indication that it was not intended to be a guarantee; it would have been imprudent for the bank to have undertaken a completely open-ended commitment to honor Lee's checks, though such a commitment might not have violated the bank's lending limits. See Ill.Rev.Stat. 1983, ch. 17, ¶ 342(4).

■ We do not hold that what the letter, read as a whole, meant was that Lee's checks would be honored provided his account had sufficient funds to pay them—only that it *may* have meant that. But especially since "under well-established Illinois law, a guarantor is to be accorded the benefit of any doubt which may arise from the language of the contract," *Telegraph Savings & Loan Ass'n v. Guaranty Bank & Trust Co.*, 67 Ill.App.3d 790, 794, 24 Ill.Dec. 330, 333, 385 N.E.2d 97, 100 (1978),

the bank was entitled to present evidence that the letter did mean that. However, we reject the bank's argument that A.D.E. must show it relied on the letter in accepting Lee's checks. If the letter was a guarantee, A.D.E. was entitled to look to the guarantor for payment of Lee's checks, and did not have to prove that it would not have taken Lee's checks without the guarantee; nor would the bank be entitled to try to prove the contrary. Reliance is not an issue if there is an offer and acceptance. If the letter is not a guarantee which A.D.E. accepted by cashing Lee's checks, A.D.E. still might be able to prevail on a theory of promissory estoppel, but then it would have to prove reliance. See *Dale v. Groebe & Co.*, 103 Ill.App.3d 649, 653, 59 Ill.Dec. 350, 354, 431 N.E.2d 1107, 1111 (1981); Restatement (Second) of Contracts § 90 (1979); Farnsworth, *supra*, § 2.19.

2. The bank further argues that even if it was a guarantor, A.D.E. was not harmed in the full amount of the two checks; it collected part of the amount from Lee directly, and is not entitled to a double recovery. A.D.E. replies that payment is an affirmative defense, and that since the bank raised no affirmative defenses in its answer (other than that the complaint failed to state a claim), it cannot argue part payment. This issue may become important on remand, so we will discuss it.

We do not know exactly what was in the answer. The answer was mislaid in the district court and is not part of the record on appeal. The district court notified the bank of the loss and invited it to submit a duplicate of the answer, but the bank inexplicably failed to do this. We therefore shall assume for purposes of this appeal that the answer raised no affirmative defense of payment.

█ The bank argues that, even so, A.D.E. must prove damages from breach of the alleged guaranty, and those damages will be less if A.D.E. in fact received part payment from the debtor. We disagree, and hold that part payment is an affirmative defense. See *Cormier v. Oceanic Contractors, Inc.*, 696 F.2d 1112, 1113 (5th Cir.1983); *Loudermilk v. Feld Truck Leas-*

*ing Co.*, 171 Ind.App. 498, 503, 358 N.E.2d 160, 164 (1976); 5 Wright & Miller, Federal Practice and Procedure § 1273 (1969); cf. *Graybar Elec. Co. v. McCoy Construction Co.*, 123 Ill.App.3d 886, 890, 79 Ill.Dec. 98, 101, 463 N.E.2d 439, 442 (1984); *Dallas County State Bank v. Thiess*, 575 S.W.2d 20, 21 (Tex.1978) (per curiam). Rule 8(c) of the Federal Rules of Civil Procedure says that "payment" is an affirmative defense; and as there are partial as well as complete defenses (e.g., failure to mitigate damages, avoidable consequences, and, in states that have abandoned contributory negligence, comparative negligence), there was no need for the rule's draftsmen to add "in whole or part." On the duty to plead failure to mitigate damages see *Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.*, 513 F.2d 407, 420 n. 92 (D.C.Cir.1975); and on comparative negligence as a defense see, e.g., *Railway Express Agency v. Mallory*, 168 F.2d 426, 427–28 (5th Cir.1948). It is true that *Marcin v. Kipfer*, 117 Ill. App.3d 1065, 1068–69, 73 Ill.Dec. 510, 513, 454 N.E.2d 370, 373 (1983), holds that comparative negligence need not be pleaded; this muddies the waters some, but not much. *Marcin* probably is wrong in light of Ill.Rev.Stat. 1983, ch. 110, ¶ 2–613(d), which expressly requires the pleading of partial defenses; and in any event the burden of pleading in diversity cases is determined by Rule 8 rather than by state law, *Merit Ins. Co. v. Colao*, 603 F.2d 654, 659 (7th Cir.1979), although state law determines who has the burden of proof, see *Troxler v. Owens Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir.1983); 5 Wright & Miller, *supra*, § 1272, at pp. 319–21. However, the bank presumably will be allowed to amend its answer on remand. See Fed.R. Civ.P. 15(a) ("leave [to amend pleading] shall be freely given when justice so requires"); *Healy Tibbits Construction Co. v. Insurance Co. of North America*, 679 F.2d 803, 804 (9th Cir.1982) (per curiam).

REVERSED AND REMANDED.