THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
ROBERT A. COBB, Defendant-Appellant.

Fourth District   No. 4—89—0111

Opinion filed September 28, 1989.

Daniel D. Yuhas and Judith L. Libby, both of the State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Linda Susan McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

After a jury trial in Macon County, the defendant was convicted of first degree murder (Ill. Rev. Stat. 1987, ch. 38, par. 9—1) and sentenced to 30 years' imprisonment. The only issues raised on appeal pertain to jury selection: (1) whether the court erred during *voir dire* by not dismissing for cause a prospective juror who was the father of the prosecutor in charge of felony cases in Macon County who signed the information charging the defendant, and (2) whether

the court erred in denying defense counsel's motion for additional peremptory challenges.

During *voir dire,* prospective juror Jacob Ahola (Jacob) disclosed that he was the father of Macon County Assistant State's Attorney Jack Ahola (Jack). When questioned by the court, Jacob stated that his son's position as an assistant State's Attorney would not affect his ability to be a fair and impartial juror. Jacob further stated that he would not owe his son any explanation for voting the way he did on the verdict and that he and Jack never discussed Jack's cases. Lastly, Jacob stated that he had no objection to placing the burden of proof on the State and would not hesitate to return a not guilty verdict if the State did not meet that burden.

Upon examination by defense counsel, Jacob acknowledged that his son was the assistant in charge of felony prosecutions. Jacob also stated that he was not acquainted with Macon County State's Attorney Larry Fichter or the two assistant State's Attorneys who were prosecuting this case. Further, Jacob stated that his son's employment in the State's Attorney's office would not make it difficult to be a fair juror.

While Jack signed the information charging the defendant with first degree murder, he took no part in the trial and never made any appearance in court. Nothing in the record shows Jacob knew that Jack signed the information or that Jack participated in this case.

After examination, defense counsel challenged Jacob for cause. The challenge was denied. Defense counsel then exercised a peremptory challenge and Jacob was excused. After defendant's peremptory challenges were exhausted, defense counsel requested additional peremptory challenges. This request was also denied.

■ At issue in this appeal is an application of the factors to be used to determine whether a prospective juror can be a fair and impartial juror. Illinois' leading case discussing these factors is *People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705. The court in *Cole* stated the following:

> "This issue [of the trial court's refusal to allow the defendant's challenge of the juror for cause] cannot be disposed of by the harmless-error rule ***. The right to a trial by an impartial tribunal is so basic that a violation of the right requires a reversal. (*Chapman v. California,* 386 U.S. 18; *Tumey v. Ohio,* 273 U.S. 510, 71 L. Ed 749, 47 S. Ct. 437.) The right to a jury trial guarantees to one accused of a crime a fair trial by a panel of impartial jurors. ***
>
>                \* \* \*

The burden of showing that the juror possesses a disqualifying state of mind is on the party challenging the juror. 'Unless he shows the actual existence of such an opinion in the mind of the juror as will raise the presumption of partiality, the juror need not necessarily be set aside. \*\*\*' [Citation.]

The determination of whether or not the prospective juror possesses the state of mind which will enable him to give to an accused a fair and impartial trial rests in the sound discretion of the trial judge. His determination should not be set aside unless it is against the manifest weight of the evidence. [Citations.]

The determination of impartiality is not purely an objective determination, as the opinion of the appellate court indicates. The statement of the juror is proper for the court to consider as evidence of his state of mind to be given the weight to which it is entitled under the circumstances." *Cole,* 54 Ill. 2d at 411-14, 298 N.E.2d at 711-12.

In support of his claim that Jacob should have been excused for cause, defendant cites *Marcin v. Kipfer* (1983), 117 Ill. App. 3d 1065, 454 N.E.2d 370. In *Marcin,* this court found reversible error in a trial court's refusal to excuse for cause in a medical malpractice action two prospective jurors who had employed the defendant as their personal physician. Considering the nature of that case, we held that the relationship of a prospective juror to a party can be so close that fairness requires the juror be discharged. We explained the basis for that holding as follows: "Here, for the two jurors to have found for plaintiff, they would have had to find their personal physician to have been incompetent in his treatment of decedent." *Marcin,* 117 Ill. App. 3d at 1067, 454 N.E.2d at 372.

We agree with the State that the *Marcin* case is inapposite. Jack was not a participant in this trial, and he had no personal stake in its outcome. By finding the defendant not guilty, Jacob would not thereby be finding his son to be an incompetent lawyer. We believe that a prospective juror's acquaintance with or relationship to a party is a far greater cause for concern than if that same prospective juror were acquainted with or related to a lawyer for one of the parties.

Extensive research on this issue failed to disclose any case in Illinois in which a person related to a prosecutor as a parent, spouse, sibling, or child was challenged for cause as a prospective juror in a criminal case and the challenge was denied. Frankly, we suspect that the absence of any authority on point is an indication that most such

challenges are granted and the issue avoided. However, it was not avoided in this case, and accordingly, we have to confront it.

A case from North Carolina is the closest we have found to the facts of this case. In *North Carolina v. Watson* (1972), 281 N.C. 221, 188 S.E.2d 289, defendant, convicted of murder, argued on appeal that the trial judge abused his discretion in not allowing defendant's challenge for cause of a prospective juror who was the father-in-law of the local county prosecutor. Because of the careful examination which the trial judge conducted of the prospective juror and the juror's appropriate responses, no error was found in denying defendant's challenge for cause. Also in *Watson*, as here, the prosecutor to whom the prospective juror was related took no part in the trial court proceedings.

In the present case, both the trial court and defense counsel examined Jacob carefully. All of Jacob's responses were consistent with the trial court's implicit determination that he could be a fair and impartial juror.

■ With commendable candor, defendant's counsel on appeal concedes that there is nothing in the record before us to show or even suggest that Jacob would not have been a fair and impartial juror. Instead, counsel argues that the close relationship between Jacob and Jack in this case must always lead to serious doubts about whether a defendant could receive a fair trial with a juror such as Jacob deciding his fate. Accordingly, defendant has invited this court to hold as a matter of law that the trial court erred in not excusing Jacob for cause due solely to his relationship to Jack, notwithstanding the appropriate responses Jacob gave on *voir dire*. We have given serious consideration to defendant's invitation, but we must decline it. Aside from logistical difficulties such a rigid rule might cause in some of the smaller counties of this State, we believe we would run afoul of the following admonition by the Illinois Supreme Court in *Cole*:

> "The opinion of the appellate court indicates that a juror must be free from even the suspicion of bias or partiality. [Citation.] We wish to dispel this misconception. The determination of the qualification of the juror is a judicial determination. This determination by the court, like the determination of any other issue of fact, must be made from the evidence. [Citations.] Mere suspicion of bias is not evidence." *Cole*, 54 Ill. 2d at 415, 298 N.E.2d at 713.

For the reasons stated, we find that the trial court did not abuse its discretion in denying the defendant's challenge of Jacob for cause.

Because we find no error in the trial court's denial of the defendant's challenge for cause, we similarly find no error in the trial court's denial of the defendant's request for additional peremptory challenges.

The judgment is affirmed.

Affirmed.

McCULLOUGH, P.J., and KNECHT, J., concur.