THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL E. GREEN, Defendant-Appellant.

Fourth District   No. 4—89—0519

Opinion filed July 12, 1990.

Daniel D. Yuhas and Jonathan Haile, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Kevin T. McClain, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On May 16, 1989, following a jury trial in the circuit court of Macon County, defendant Paul Green was found guilty of the offenses of armed violence and possession of a controlled substance with intent to deliver. (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2; ch. 56½, par. 1401(b)(2).) He subsequently received concurrent jail sentences of 12 years on the armed-violence conviction and 6 years on the controlled-substance conviction. These sentences were to run consecutively to a 10-year prison sentence imposed for another armed-violence conviction.

On February 28, 1989, defendant was charged by information

with committing the offenses of (1) armed violence, which was predicated on unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2); (2) unlawful possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1987, ch. 56½, par. 1401(b)(2)); (3) unlawful possession of a controlled substance (Ill. Rev. Stat. 1987, ch. 56½, par. 1402(b)); and (4) unlawful possession of weapons by a felon (Ill. Rev. Stat. 1987, ch. 38, par. 24—1.1(a)). This last charge was severed prior to trial.

At trial, the State presented the testimony of Decatur police officers Carl Carpenter, Mark Barthelemy, and Randall Chaney. They responded to a radio dispatch concerning shots being fired at the Longview area around 9 p.m. on February 27, 1989. As Barthelemy arrived at the scene, a small car pulled from the parking lot and accelerated at a high rate of speed. Barthelemy stopped the vehicle. Carpenter and Chaney then arrived.

Defendant was the driver of the car. When he exited the car, he wore a long outer coat and had his right hand in his right outside pocket. He was ordered to remove his hand and would not do so. Chaney approached and removed defendant's hand. Carpenter reached into the pocket and found a loaded revolver and two small bags containing a substance later identified as cocaine. A subsequent search of the coat at the police station found nine small plastic bags containing a white, powdery substance in the left front pocket. Six of these bags were positively tested for cocaine and three were not tested. Defendant also had $225 in cash in his possession, basically in $20 denominations.

Both sides rested, and the jury, after 2½ hours of deliberation, found defendant guilty on all counts. At the sentencing hearing, the court vacated the unlawful possession of a controlled-substance conviction, finding it was an included offense of the armed-violence conviction. The court denied a similar request concerning the possession-of-a-controlled-substance-with-intent-to-deliver conviction. The court imposed concurrent prison sentences of 12 years for the armed-violence conviction and 6 years on the controlled-substance conviction, with these sentences to be served consecutively to another sentence for another armed-violence conviction.

Defendant now appeals, asserting the court erred in (1) failing to dismiss a juror for cause; and (2) failing to vacate the controlled-substance conviction.

I

One of the first prospective jurors questioned on *voir dire* was

a secretary in the juvenile division of the State's Attorney's office. She knew the State's Attorney and was an at-will employee of the office. She testified her employment would not affect her ability to serve as a fair and impartial juror. Defense counsel's challenge for cause was denied, and he used one of his peremptory challenges in excusing her.

We are critical of this trial court ruling. If the issue had been adequately preserved, we would have reversed this conviction and remanded for a new trial.

*People v. Cole* (1973), 54 Ill. 2d 401, 298 N.E.2d 705, is the leading case in Illinois addressing considerations to be made in determining if a prospective juror should be dismissed for cause. However, our court, in *Marcin v. Kipfer* (1983), 117 Ill. App. 3d 1065, 454 N.E.2d 370, made the following statement:

> "Our decision is consistent with the following statement of an experienced authority on Illinois trial procedure:
>
> > 'The trend of authority is to exclude from juries all persons who by reason of their business or social relations, past or present, with either of those parties, could be suspected of possible bias \*\*\*.' Hunter, Trial Handbook for Illinois Lawyers sec. 15.14 (5th ed. 1983)." (*Marcin*, 117 Ill. App. 3d at 1068, 454 N.E.2d at 372.)

*Marcin* was a civil action based upon a malpractice claim, and it was held error to allow patients of the defendant doctor to sit as jurors. The argument for dismissal for cause in the present case is even stronger, and we find it difficult to understand why a supposedly impartial judge hesitated in granting the challenge.

The State argues that, even if she should have been excused for cause, defendant was not prejudiced and therefore no reversible error existed. In the Haymarket Square riot case, our supreme court stated:

> "We can not reverse this judgment for errors committed in the lower court in overruling challenges for cause to jurors, even though defendants exhausted their peremptory challenges unless it is further shown that an objectionable juror was forced upon them and sat upon the case after they had exhausted their peremptory challenges." (*Spies v. People* (1887), 122 Ill. 1, 258, 12 N.E. 865, 989.)

This holding was most recently applied in *People v. Washington* (1982), 104 Ill. App. 3d 386, 392, 432 N.E.2d 1020, 1025, where the court explained:

> "In the present case, the defense exhausted its peremptory challenges, but it did not indicate to the trial court that it was

being forced to accept an objectionable juror because of the error in overruling the prior challenge for cause. Notifying the trial court of this fact would have served the salutary purpose of giving the court a final opportunity to cure the alleged error by exercising its inherent power to grant the defense an extra peremptory challenge. Because the defense in the present case did not indicate that it was being forced to accept an objectionable juror as a result of the trial court's error, we hold that the error in denying the challenge for cause was waived."

This analysis seems similarly recognized in this district. In *Marcin* (117 Ill. App. 3d at 1067, 454 N.E.2d at 372), the court, in addressing the issue of denial of challenges for cause, stated in passing: "Plaintiff fully preserved his claim of error by exercising all his allotted peremptory challenges, asking for additional peremptories, and making a motion for a mistrial."

■ In the case at bar, after examining the final panel, the following took place:

"[DEFENSE COUNSEL]: We have no peremptories.

THE COURT: Pardon?

[DEFENSE COUNSEL]: We are exercising no other peremptories."

Defendant had, in fact, used all his peremptories. At no time did defendant ask for other peremptories or indicate that he would have excused a juror if he had any left. Regardless of authorities cited by the defendant, we hold defendant is precluded from asserting this error.

## II

Defendant's second contention is that his conviction for possession of a controlled substance with intent to deliver should be vacated. The trial court found that, since it is not an included offense of the armed-violence conviction, it need not be vacated. Defendant acknowledges that it is not an included offense. However, he points out the armed-violence conviction is predicated upon the possession of the controlled substance. Accordingly, he believes the two convictions arise out of the same act and, pursuant to *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, the controlled-substance conviction should be vacated.

■■ ■ Multiple convictions and concurrent sentences should be permitted in cases where a defendant has committed several acts, despite the interrelationship of those acts. (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844; *People v. Dixon* (1982), 91 Ill. 2d 346, 355, 438 N.E.2d

180, 185.) The word "act" is intended to mean any overt or outward manifestation which will support a different offense. (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.) When more than one offense arises from a series of incidental or closely related acts and the acts are not included offenses, convictions with concurrent sentences can be entered. (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 845; *Dixon*, 91 Ill. 2d at 355, 438 N.E.2d at 185.) "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act." *King*, 66 Ill. 2d at 566, 363 N.E.2d at 844.

■■ The armed-violence conviction is based on defendant's possession of cocaine while armed with the loaded revolver. An included offense of the armed-violence charge would, in the present case, be unlawful possession. Because of the added element of intent to deliver, the unlawful-possession-of-a-controlled-substance-with-intent-to-deliver offense would not be an included offense. Furthermore, in the present case, the armed-violence conviction could be based upon the contents of the right-hand pocket, while the possession with intent to deliver could be based upon the six tested bags of the nine bags subsequently found in the left-hand pocket. This conclusion finds support from *Dixon*, where the court found that separate blows administered during a beating were separate acts and would support separate convictions. See *Dixon*, 91 Ill. 2d at 356, 438 N.E.2d at 185.

Defendant cites several cases. One, *People v. Manning* (1978), 71 Ill. 2d 132, 374 N.E.2d 200, appears to be resolved more by a statutory analysis than by applying *King*. The others, due to their facts, are not relevant since they are distinguishable.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.